## IN THE UNITED STATED DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN AGGREGATES LLC, | : |
| | : |
| Plaintiff, | : Case No.: 22-9689 |
| | : |
| -against- | : **Jury Trial Demand** |
| | : |
| TITAN CONCRETE INC., | : |
| | : |
| Defendant. | : |
| | : |

## COMPLAINT

Plaintiff North American Aggregates LLC, by and through its undersigned attorneys, as and for its Complaint against Defendant Titan Concrete Inc., hereby alleges as follows based on knowledge of its own actions, and on information and belief as to all other matters:

## THE PARTIES

1.      Plaintiff North American Aggregates LLC ("Plaintiff" or "NAA") is a New Jersey limited liability company, authorized to do business in the State of New York, with a principal place of business located at 1250 State Street, Perth Amboy, New Jersey 08861.

2.      Upon information and belief, Defendant Titan Concrete Inc. ("Defendant") is a New York corporation with a place of business at 301 Route 52, Carmel, New York 10512.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over the claims in this action on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds the amount of $75,000, exclusive of interest, costs, and reasonable attorneys' fees.

4.      Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in in this District because the Defendant resides in this District.

5.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.      Defendant entered into an agreement with NAA to purchase desired quantities of processed concrete sand at a unit price of $23.50/ton and agreed to pay NAA in full within thirty (30) days of delivery and invoicing from NAA.

7.      From time to time, Titan placed orders with NAA for said concrete sand materials and, in turn, NAA timely delivered same to Titan for its use at construction projects throughout the State of New York.

8.      NAA performed all conditions which were on its part to be performed in a timely, good, and workmanlike manner.

9.      Despite repeated demands, Titan has failed and refused to pay NAA the amount of $399,926.99 due and owing for the processed concrete sand provided by NAA to Titan.

10.      To date, the amount of $399,926.99 remains due and owing to NAA for processed concrete sand material ordered by and furnished to Titan from NAA.

11.      No reason exists for Titan's non-payment of this amount.

12.      All conditions precedent to the filing of this action have been fulfilled, waived, or otherwise satisfied.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

13.      NAA repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs "1" through "12" of the Complaint as if fully set forth at length herein.

14.      NAA entered into a contract with Titan, whereby NAA agreed to furnish and provide processed concrete sand materials to Titan in exchange for timely payment from Titan.

–2–

15.     NAA fully and completely performed its contractual obligations in a timely, good, and workmanlike manner by providing said processed concrete sand materials in accordance with the terms of the contract and as ordered and directed by Titan.

16.     Notwithstanding its contractual obligations, despite repeated demands, Titan failed and refused to pay NAA the sum of $399,926.99 for processed concrete sand materials ordered by and furnished to Titan.

17.     Titan materially breached its contract with NAA by failing and refusing to pay for the processed concrete sand materials ordered by and furnished to Titan by NAA, as well as for such other actions and inactions as discovery may reveal.

18.     As a direct and proximate result of Titan's breach of contract, NAA suffered and continues to suffer damages in the amount of $399,926.99 for the unpaid processed concrete sand materials ordered by and furnished to Titan, exclusive of interest at a rate of 1.5% per month, costs, and reasonable attorneys' fees, which continue to accrue.

19.     By reason of the foregoing, Titan is liable to NAA for damages of $399.926.99, plus interest, costs, disbursements, and reasonable attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

20.     NAA repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs "1" through "19" of the Complaint as if fully set forth at length herein.

21.     At or around the time of NAA's furnishing of the processed concrete sand materials ordered by Titan, NAA prepared and submitted invoices and statements of account to Titan on a regular and timely basis.

22.     Titan accepted and retained NAA's statements and invoices without objection.

23.     NAA's invoices and statements evidence a balance due and owing Titan to NAA in the amount of $399.926.99.

24.     As a direct and proximate result of Titan's failure and refusal to pay NAA on the statement of account, NAA has been damaged in the sum of $399.926.99, exclusive of interest at a rate of 1.5% per month, costs, and reasonable attorneys' fees, which continue to accrue.

25.     By reason of the foregoing, Titan is liable to NAA for damages of $399.926.99, plus interest, costs, disbursements, and reasonable attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### (*Quantum Meruit* - In the Alternative)

26.     NAA repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs "1" through "25" of the Complaint as if fully set forth at length herein.

27.     At the express request and direction of Titan, NAA furnished and provided certain quantities of processed concrete sand material to and for the benefit of Titan, fully expecting to be compensated for the same.

28.     Despite repeated demands, Titan failed and refused to make payment to NAA for the reasonable value of the processed concrete sand material furnished and provided to Titan.

29.     NAA is entitled to the *quantum meruit* value of the unpaid processed concrete sand materials furnished and provided to and for the benefit of Titan.

30.     The *quantum meruit* value of the processed concrete sand materials provided by NAA to Titan is equal to $399.926.99, exclusive of interest, which continues to accrue.

31.     By reason of the foregoing, Titan is liable to NAA for damages of $399.926.99, plus interest, costs, disbursement, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff North American Aggregates LLC demands that judgment be entered in its favor and against Defendant Titan Concrete Inc. as follows:

A.  On the First Cause of Action, adjudging in favor of North American Aggregates LLC and against Titan Concrete Inc. in the amount of $399.926.99, together with interest at a rate of 1.5% per month, costs, disbursements, and reasonable attorneys' fees.

B.  On the Second Cause of Action, adjudging in favor of North American Aggregates LLC and against Titan Concrete Inc. in the amount of $399.926.99, together with interest at a rate of 1.5% per month, costs, disbursements, and reasonable attorneys' fees.

C.  On the Third Cause of Action, adjudging in favor of North American Aggregates LLC and against Titan Concrete Inc. in the amount of $399.926.99, together with interest, costs, and disbursements; and

D.  On All Causes of Action, such other and further relief as the Court deems just and proper, including interests, costs, disbursements and attorneys' fees.

Dated:  New York, New York
        November 14, 2022

                        **COHEN SEGLIAS PALLAS**
                        **GREENHALL & FURMAN PC**


                        By:  /s/ Gary J. Repke, Jr.
                                Gary J. Repke, Jr., Esq.
                                55 Broadway, Suite 901
                                New York, New York 10006
                                Tel.: (212) 871-7400
                                Email: grepke@cohenseglias.com
                                *Attorneys for Plaintiff,*
                                *North American Aggregates LLC*